# IN 1THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **MARIE L. BLACK, et al.,** | : | |
| **Plaintiffs,** | : | **Case No. 2:96-cv-326** |
| **v.** | : | **Judge Holschuh** |
| **COLUMBUS PUBLIC SCHOOLS,** | : | **Magistrate Judge Kemp** |
| **Defendant.** | : | |
| | : | |

## MEMORANDUM OPINION AND ORDER

This First Amendment retaliation action is before the Court on motions in limine filed by both the plaintiff, Marie E. Black, and the defendant, the Columbus Public Schools (Docs. # 163-64).  Ms. Black's motion in limine requests the Court to take judicial notice under Fed.R.Evid. 201 that in 2003, an African-American female, aged 65, born in and living in the United States, has an additional life expectancy of 18.5 years.  The Columbus Public Schools' motion in limine involves, inter alia, limiting certain witnesses' testimony; prohibiting any reference to the details and truth concerning the alleged affair between the Mifflin Alternative Middle School ("Mifflin AMS") principal and the parent-volunteer; precluding any testimony regarding sexual harassment and hostile work environment; and preventing Ms. Black from seeking damages not expressly stated in her amended complaint.  For the following reasons, Ms. Black's motion in limine will be granted, and the Columbus Public Schools' motion in limine will be granted in part.

## I.  Background

The facts and procedural history of this case are described in detail in this Court's order denying the Columbus Public Schools' third motion for summary judgment (see Memorandum

Opinion and Order at pp. 1-9 (Dec. 14, 2005)), and the Court's order denying the Columbus Public Schools' motion for summary judgment *instanter*, (see Memorandum Opinion and Order at pp. 2-6 (Aug. 17, 2006)).  To summarize, Ms. Black was employed by the Columbus Public Schools as an Assistant Principal at Mifflin AMS from 1987 to 1992.  In the Spring 1991, she reported an alleged affair between Mifflin AMS Principal Stephen Tankovich and parent-volunteer Cynthia Stanley. The affair allegedly occurred on school grounds and, at least to some extent, during school hours.

In the Spring 1992, the Columbus Public Schools notified Ms. Black that she would be transferred to Yorktown Middle School ("Yorktown") to serve as an Assistant Principal beginning the subsequent school year.  Ms. Black indicated that she did not want to be transferred to Yorktown because her experience and background in foreign language education made Mifflin AMS's international studies focus a more attractive assignment.

Ms. Black alleges that the Columbus Public Schools transferred her to Yorktown in retaliation to her reporting the alleged affair between Mr. Tankovich and Ms. Stanley.  The Columbus Public Schools denies this allegation and claims that Ms. Black was transferred because Yorktown had an open position for which she was qualified, and the position would accommodate Ms. Black's concerns regarding her increased disciplinary duties at Mifflin AMS.  Following several motions for summary judgment, the only remaining issue is whether the Columbus Public Schools violated Ms. Black's First Amendment rights by transferring her to Yorktown in retaliation for her protected conduct.

## II.  Defendant's Motion in Limine

### A.  Standard

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure

explicitly authorize the Court to rule on an evidentiary motion in limine, the Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial.  See Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir.1997)).  Pretrial orders also often save the parties time and cost in preparing for trial and presenting their cases.

Courts are generally reluctant to grant broad exclusions of evidence in limine, however, because "a court  is almost always better situated during the actual trial to assess the value and utility of evidence."  Koch v. Koch Indus., Inc., 2 F. Supp. 2d 1385, 1388 (D. Kan 1998); accord Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir.1975).  A court should not make a ruling in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible.  Ind. Ins. Co., 326 F. Supp. 2d at 846; Koch, 2 F. Supp. 2d at 1388.  If this high standard is not met, evidentiary rulings should be deferred so that the issues may be resolved in the context of the trial.  Ind. Ins. Co., 326 F. Supp. 2d at 846.

The denial of a motion in limine does not necessarily mean that the evidence will be admitted at trial.  Hawthorne Partners v. AT & T Technologies, Inc., 831 F. Supp. 1398, 1404 (N.D. Ill. 1993).  A party whose motion in limine is denied is within its rights to raise the issue again at trial. EEOC v. Fargo Assembly Co., 142 F. Supp. 2d 1160, 1161 (D.N.D. 2000).  The Court is free to alter any in limine order, Luce, 469 U.S. at 41, and will entertain objections to proffers of evidence as they arise at trial, even if they fall within the scope of a denied motion in limine.  Ind. Ins. Co., 326

3

F. Supp. 2d at 846.

**B.  Application**

The Columbus Public Schools requests that the Court exclude several categories of evidence from being admitted at trial.  It asserts that certain evidence is either irrelevant, speculative, or procedurally barred.

    **1.  Joint Stipulation on Evidence Concerning Details or Truthfulness of the Alleged Affair**

The Columbus Public Schools requests the Court's approval of a joint stipulation regarding the details and truthfulness of the alleged affair between Mr. Tankovich and Ms. Stanley.  The Court notes, however, that in their final pretrial order, the parties entered into a joint stipulation regarding this same issue.  The language in the final pretrial order is nearly identical to the language asserted by the Columbus Public Schools in its motion in limine.  For comparison purposes, the Columbus Public Schools, in its motion in limine, requests the Court

> to limit the evidence to the extent that no evidence will be presented concerning the details and truth of the alleged affair at issue, nor shall there be any evidence at trial concerning whether or not the alleged affair occurred, any eyewitness testimony regarding same, or testimony as to specific events surrounding the alleged relationship.

(Defendant's Motion in Limine at 3 n.2).  Similarly, the final pretrial order joint stipulation states: "The parties have agreed and stipulated that there will be no evidence presented in this case as to the truthfulness/accuracy of whether or not the alleged affair actually occurred, any observations regarding same, any suggested interaction between Mr. Tankovich and Ms. Stanley." (Final Pretrial Order (Doc. # 167) at 8).

While the Court does not recognize any substantial differences between the two restrictions, it is in better discretion to use the jointly stipulated language already agreed upon by both parties

4

instead of the language outlined by the Columbus Public Schools. Thus, the Columbus Public Schools' request will be DENIED. At trial, the Court will exclude evidence relating to the details or truthfulness of the alleged affair in accordance with the parties' joint stipulation as set forth in the final pretrial order.

Defendant also requests that the Court instruct the jury at the outset of the case that the issue of whether or not the affair actually occurred is irrelevant, regardless of the veracity of the allegations. Because Ms. Black does not oppose this request, it will be GRANTED.

### 2. Certain Witnesses' Testimony

The Columbus Public Schools also seeks to preclude four witnesses–Cheryl Fischer, Patricia Bryson, Arnon Lee, and Monika Black–from testifying on the grounds that either the witnesses lack personal knowledge or any testimony offered by them is irrelevant to the issues of the trial.

Only relevant evidence is admissible at trial. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of a material fact more probable or less probable than without the evidence. Fed. R. Evid. 401. A witness is only permitted to testify to a matter if that witness has personal knowledge of the matter. Fed. R. Evid. 602.

### a. Cheryl Fischer, Patricia Bryson and Arnon Lee

In its motion in limine, the Columbus Public Schools claims that Mss. Fischer and Bryson, and Mr. Lee lack any personal knowledge regarding Ms. Black's transfer to Yorktown, including whether or not the transfer was in response to her engaging in protected conduct. Instead, the Columbus Public Schools maintains that these witnesses' knowledge is limited to whether or not the alleged affair occurred, which is an issue no longer relevant to this case. To support its argument, the Columbus Public Schools relies upon the deposition testimonies of Mss. Fischer and Bryson and

Mr. Lee; Ms. Fischer's affidavit dated May 13, 1998; and an unsworn transcript of a telephone conversation between Ms. Fischer and Ms. Black's prior counsel.

In response, Ms. Black contends that these three witnesses will offer relevant testimony that the alleged affair was common knowledge at Mifflin AMS, disrupted the school's educational environment, and was a serious matter that caused an internal investigation. Ms. Black also notes that this Court relied upon the deposition testimonies of Ms. Bryson and Mr. Lee in denying Defendant's Third Motion for Summary Judgment, (see Memorandum Opinion and Order at p. 3 (Dec. 14, 2005)), and asserts that this evidence must be admissible because the Court considered it in its previous order.

A review of Ms. Fischer's affidavit reveals that a majority of its contents, as well as the deposition testimony of Mss. Bryson and Fischer and Mr. Lee, relates to the veracity of the allegations of whether an affair occurred at Mifflin AMS. Simply because a witness has knowledge of the alleged affair, however, should not preclude that witness from testifying whether the knowledge of the alleged affair was widespread or whether the alleged affair disrupted the inner-business operations at Mifflin AMS. All these inquires could be relevant to whether the Columbus Public Schools transferred Ms. Black for engaging in protected conduct. Rather than a blanket restriction preventing these three witnesses from testifying because of their personal knowledge of the alleged affair, a more appropriate approach is to allow them to testify at trial keeping in mind this Order's preclusion of evidence relating to the veracity of whether the affair occurred. See, e.g., Sperberg, 519 F.2d at 712 ("Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise").

Additionally, the Columbus Public Schools highlight two more reasons to exclude specifically Ms. Fischer's testimony: (1) that the Court previously struck Ms. Fischer's affidavit in part because it contained "abundant hearsay and inadmissible evidence" and (2) because Ms. Black failed to disclose Ms. Fischer as a witness during discovery.[1]  (Memorandum and Order at p. 13 (Dec. 22, 2000)) .  Upon review of these circumstances, the Court rejects these arguments.

First, the Court struck Ms. Fischer's affidavit because of hearsay and other inadmissable evidence, not because it was irrelevant.  Previous submission of an inadmissible affidavit does not require that a witness be excluded from trial.   Deeming Ms. Fischer's testimony inadmissible for this reason would be the type of broad exclusion that the Court of Appeals specifically cautioned against in Sperberg.  See Sperberg, 519 F.2d at 712.

Second, the Court recognizes that if a party fails to amend a prior response to discovery as required by Federal Rule of Civil Procedure 26(e)(2), that party may not use any evidence or witness not properly disclosed unless the failure is harmless.  Fed. R. Civ. P. 37(c)(1).  Here, Ms. Black previously stated that she provided the Columbus Public Schools with a list of all "non-medical" witnesses on June 9, 2006, pursuant to an order during a status conference on June 5, 2006.  (See Plaintiff's Response to Defendant's Motion to Stay at p. 7 (June 23, 2006)).  The Court is unaware whether Ms. Fischer's name was included on this list.  However, it does appear that Ms. Fischer was

---

[1] Ms. Black states in her response that the Columbus Public Schools agreed to waive any discovery objection to her calling Ms. Fischer as a witness at trial.  (Plaintiff's Response to Defendant's Motion in Limine at p. 9 (Aug. 24, 2006)).  The Columbus Public Schools states that it never agreed to this waiver.  (Defendant's Reply Memorandum at p. 3 (Sept. 6, 2006)).  The Court cannot ascertain whether or not the Columbus Public Schools made this waiver, however, because no such waiver appears in any document submitted to the Court.  Because the Court, infra, concludes that Ms. Black's failure to supplement its answer to the Columbus Public Schools' is harmless, whether the Columbus Public Schools waived its right to object is moot.

officially identified as a potential witness no later than August 22, 2006, the day that the parties submitted their final pretrial order.  (See Final Pretrial Order a p. 5 (Aug. 25, 2006)).  Further, the Columbus Public Schools had notice of Ms. Fischer's knowledge of the case no later than May 15, 1998 when it received a copy of Ms. Fischer's affidavit.

Unlike the submission of Cheryl Fischer's affidavit in response to the Columbus Public Schools' March 31, 1998 motion for summary judgment, any failure on Ms. Black's part to supplement her list of lay witnesses has caused the Columbus Public Schools no harm.  The Columbus Public Schools has known about Ms. Fischer's relationship to this case since at least May 1998; has officially known that Ms. Black intends to call Ms. Fischer as a witness since the submission of the Final Pretrial Order in August 2006; and has had ample time to prepare any interrogation of this witness at trial.  Thus, Ms. Black's use of Ms. Fischer as a witness at trial is permissible.

Accordingly, because the Columbus Public Schools has not met its heavy burden of showing that the testimony of Cheryl Fischer, Patricia Bryson, or Arnon Lee is clearly inadmissible, the Columbus Public Schools' request to have their testimony excluded at trial will be DENIED.  This does not foreclose the Columbus Public Schools' ability to object these witnesses' testimony at trial.

### b.  Monika Black

The Columbus Public Schools also objects to Monika Black[2] testifying at trial.  It contends that Monika Black lacks personal knowledge relating to any relevant issue at trial.  Specifically, the Columbus Public Schools asserts that Monika Black has no knowledge relating to Ms. Black's

---

[2] Monika Black is the plaintiff's daughter.  For sake of clarity, the Court will refer to Monika Black by her first and last name.  All references to Ms. Black continues to refer to the plaintiff.

condition before or after her transfer to Yorktown.  For support, the Columbus Public Schools refer to Monika Black's August 18, 2006 deposition, when, according to the Columbus Public Schools, Monika Black testified that she had no observations of her mother's condition and that she never discussed her mother's transfer to Yorktown.

The Court notes, however, that the Columbus Public Schools has failed to submit a transcript of Monika Black's August 18, 2006 deposition or any other evidence to support its belief that the testimony proffered by Monika Black at trial would be irrelevant.  Without a transcript, the Court cannot not identify exactly which portion(s) of Monika Black's testimony would or would not be relevant.  Additionally, like the witnesses' testimony examined, supra, it is in better discretion to examine testimony and entertain objections at trial on a case-by-case basis, rather than issuing a blanket order excluding witness testimony.  The Columbus Public Schools has not met its burden of demonstrating that Monika Black's testimony is clearly inadmissible.  Thus, the motion to exclude Monika Black's testimony at trial will be DENIED.

### 3.  Testimony, Allegations, and References Concerning Sexual Harassment or Hostile Work Environment

Both parties agree that all references to Ms. Black's previously dismissed Title VII claims for racial discrimination, sexual harassment and hostile work environment be excluded from trial. Because those claims were dismissed and are no longer relevant to the instant case, the Court will GRANT this request and ORDER that all references to sexual harassment or hostile work environment be redacted from exhibits prior to trial and not elicited from witnesses during examination.

### 4. Damages

### a. Damages Expressly Stated in the Complaint

The Columbus Public Schools argue that Ms. Black's amended complaint fails to specify the specific damages she wishes to recover at trial.  The Columbus Public Schools, therefore, claims that Ms. Black should be precluded from introducing evidence relating to damages and recovering money damages that are not expressly stated.  In response, Ms. Black contends that the phrase "actual and compensatory damages of One Million Dollars ($1,000,000) against the Defendant," as well as "[a]ny and all equitable relief which this Court deems just and equitable," (Plaintiff's Am. Compl. at 7 (Oct. 18, 1996)), is a pleading that provided sufficient notice that Ms. Black intends to recover economic and non-economic damages, as well as equitable relief, including lost wages, lost future earnings, past medical expenses, expected medical expenses and amounts for mental suffering.

Fed.R.Civ.P. 8 states, in relevant part:

**(a) Claims for Relief.**  A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ... (2) a short and plaint statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

\*\*\*

**(e) Pleading to be Concise and Direct; Consistency.** (1) Each averment of a pleading shall be simple, concise, and direct.  No technical forms of pleading or motions are required.

\*\*\*

**(f) Construction of Pleadings.**  All pleadings shall be so constructed as to do substantial justice.

Complaints in 42 U.S.C. § 1983 cases, like other civil cases, are subjected to the liberal

10

"notice pleading" standard that requires a complaint need only state a "a short and plain statement of the claim." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993).  In Leatherman, the Court considered whether Rule 8 required a "heightened pleading"or "notice pleading standard."  The Court stated:

> We think that it is impossible to square the "heightened pleading standard" applied by the Fifth Circuit in this case with the liberal system of "notice pleading" set up by the Federal Rules.  Rule 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Conley v. Gibson*, we said in effect that the Rule meant what it said:
>
> "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds which it rests."
>
> Rule 9(b) does impose a particularity requirement in two specific instances.  It provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Thus, the Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under § 1983.  *Expressio unius est exclusio alterius*.
>
> The phenomenon of litigation against municipal corporations based on claimed constitutional violations by their employees dates from our decision in [*Monell v. New York City Dept. of Social Services*], *supra*, where we for the first time construed § 1983 to allow such municipal liability.  Perhaps if Rules 8 and 9 were rewritten today, claims against municipalities under § 1983 might be subjected to the added specificity requirement of Rule 9(b).  But that is a result which must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.  In the absence of such an amendment, federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.

Id. at 168 (internal citations omitted).  Leatherman expressly stated that a complaint is sufficient under Rule 8 so long as the complaint provides the defendant with proper notice.  Id.

Additionally, the Court of Appeals has held that damages in § 1983 cases are derived from

11

the common law of torts and are compensatory in nature to provide compensation for the injury caused to the plaintiff by the defendant's breach of duty.  Frontier Ins. Co. v. Blaty, 454 F.3d 590, 601-02 (6th Cir.2006); accord Berry v. City of Muskogee, 900 F.2d 1489, 1509 (10th Cir.1990)(quoting Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 305-07 (1986)).  These damages include not only economic damages, such as lost pay and lost benefits, see, e.g., Meyers v. City of Cincinnati, 14 F.3d 1115 (6th Cir.1994)(jury awarded plaintiff money damages for lost pay and lost benefits), and medical bills, see, e.g., Stachura, 477 U.S. at 307 (out-of-pocket loss and other monetary harms are appropriate damages in § 1983 claims), but also non-economic damages, such as impairment of reputation, personal humiliation, and mental anguish and suffering, Bloch v. Ribar, 156 F.3d 673, 679 (6th Cir.1998)(citing Stachura, 477 U.S. at 307)(§ 1983 damages could include impairment of reputation, humiliation and mental anguish); see also Barrett v. Harrington, 130 F.3d 246 (6th Cir.1998) (damages for embarrassment); Chatman v. Slage, 107 F.3d 380 (6th Cir.1997)(damages for intimidation, marital problems, weight loss, loss of sleep); Pembaur v. City of Cincinnati, 882 F.2d 1101, 1104 (6th Cir.1989)("[T]he injury need not have been a physical one. Damages for pain and suffering, mental anguish, and the like are available to the extent that actual injury has been proved").

Construing the "notice pleading" requirements of the Federal Civil Rules together with the implied remedies available for compensatory damages in § 1983 actions, the Court concludes that "actual and compensatory damages of One Million Dollars ($1,000,000) against the Defendant," as well as "[a]ny and all equitable relief which this Court deems just and equitable," (Plaintiff's Am. Compl. at 7 (Oct. 18, 1996)), is a sufficient statement to place the Columbus Public Schools on notice that Ms. Black is seeking both economic and non-economic damages.  The use of the phrase

"actual damages" itself reasonably implies that Ms. Black intends to recover for out-of-pocket loss and monetary harms that she has incurred due to the Columbus Public Schools' alleged conduct. Moreover, although "compensatory damages" includes actual economic loss, the term also refers to those non-economic losses commonly associated with § 1983 actions.  A conclusion to the contrary would require a plaintiff to specify damages with heightened specificity, a standard the law abandoned when it adopted notice pleadings.  Cf. Fed.R.Civ.P. 9(g)("When items of special damage are claimed, they shall be specifically stated").  This determination, however, does not open the door for money damages for the abstract value of Ms. Black's First Amendment claim because damages are only recoverable for actual injury.[3]  See Stachura, 477 U.S. at 308 ("[T]he abstract value of a constitutional right may not form the basis for § 1983 damages").

This conclusion is consistent with the cases that the Columbus Public Schools cited to support their argument.  First, in Davis v. Sun Oil Co., 953 F.Supp. 890, 892 (S.D. Ohio 1996), the court concluded that under Rule 8(a)(3), the plaintiffs were not entitled to restitution because they failed to claim specifically restitution in their prayer for relief.  In the instant case, however, Ms. Black did make a specific claim for actual and compensatory damages and equitable relief.

Second, in West v. Reynolds, No. 05-cv-198-KSF, 2005 WL 314933 at *2 (E.D. Ky. Nov. 23, 2005), the court concluded that a claim for relief to "bring this matter to justice" was insufficient under the Federal Rules "because the complaint fails, in any manner, to put the named defendants on notice of the claim or claims being asserted against them ...."  Here, Ms. Black used the terms "actual and compensatory damages" and "equitable relief."  Whereas the West plaintiff used an

---

[3] Ms. Black concedes that she cannot recover damages based on the abstract value of her First Amendment rights.  (Plaintiff's Response to Defendant's Mot. in Limine at 1 n.1 (Aug. 24, 2006))

ambiguous phrase that failed to give the defendants notice of the relief sought, Ms. Black's request

for relief placed the Columbus Public Schools on notice that she was attempting to recover damages

consistent with § 1983 claims.

Finally, in <u>American Home Assurance Co. v. Phineas Corp.</u>, 347 F.Supp.2d 1231 (M.D. Fl.

2004), the court held that Rule 8 prevents a plaintiff from recovering damages from a co-defendant

when that co-defendant was not named in the plaintiff's complaint.  The court stated, "when one

does not plead a specific claim for relief against a specific party in compliance with Rule 8(a)(3),

and in light of the Plaintiff's clear failure to include a claim for relief for breach of contract against

any Defendant other than Phineas  in count one of the amended complaint, it was error for this Court

to enter judgment against the other defendants as to count one."  <u>Id.</u> at 1240.  <u>American Home</u> is

distinguishable to this case because Ms. Black is seeking damages from the only defendant named

in this action.

This conclusion is also consistent with Rule 54(c), which provides that a prevailing party

may obtain any relief to which it is entitled even if it has not demanded such relief in the pleadings.

Fed.R.Civ.P. 54(c)("Except as to a party against whom a judgment is entered by default, every final

judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the

party has not demanded such relief in the party's pleadings").  The Supreme Court noted:

> We agree with appellants that a federal court should not dismiss a meritorious
> constitutional claim because the complaint seeks one remedy rather than another
> plainly appropriate one.  Under the Federal Rules of Civil Procedure "every final
> judgment shall grant the relief to which the party in whose favor it is rendered is
> entitled, even if the party has not demanded such relief in the party's pleadings."
> Thus, although the prayer for relief may be looked to for illumination when there is
> doubt as to the substantive theory under which a plaintiff is proceeding, its omissions
> are not in and of themselves a barrier to redress of a meritorious claim.  But while
> a meritorious claim will not be rejected for want of a prayer for appropriate relief,
> a claim lacking substantive merit obviously should be rejected.

Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 65-66 (1978)(internal citations omitted).

Even though this issue was presented to the Court via a motion in limine, the motion could be construed as a quasi-motion to dismiss because if the Court accepted the Columbus Public Schools' arguments on the damages issue, Ms. Black would be left with no form of redress, whether economic or non-economic in nature. (See Defendant's Mot. in Limine at 6-7 (Aug. 21, 2006)("Thus, Plaintiff has failed to specify any damages, and the type of relief sought pursuant to her 42 U.S.C. § 1983 claim and therefore, should not be permitted to present any evidence regarding the same at trial"). To be consistent with Rule 54(c) and Holt Civic Club, however, the Court cannot conclude that the prayer for relief in Ms. Black's complaint is so vague that she is not entitled to any damages.[4] Rather, to the contrary, even if Ms. Black's request for relief is vague, if she wins

---

[4] The Court also highlights the Seventh Circuit Court of Appeals' decision in Bontkowski v. Smith, 305 F.3d 757 (7th Cir.2002). In Bontkowski, the plaintiff sought declaratory and injunctive relief, but the case was dismissed for failing to state a claim. The Court of Appeals reversed the district court's decision because, inter alia, the fact that the plaintiff may not have been entitled to injunctive relief did not justify dismissal of the entire case. The court stated:

> And even if the district court was right that Bontkowski is seeking relief to which he's not entitled, this would not justify dismissal of the suit. Although Rule 8(a)(3) of the civil rules requires that a complaint contain "a demand for judgment for the relief the pleader seeks," the demand is not itself a part of the plaintiff's claim, *Laird v. Integrated Resources, Inc.*, 897 F.2d 826, 841-42 and n. 69 (5th Cir.1990); *Schoonover v. Schoonover*, 172 F.3d 526, 530 (10th Cir.1949); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1255 (2d ed.1990), and so failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6)(dismissal for failure to state a claim). Any doubt on this score is dispelled by Rule 54(c), which provides that a prevailing party may obtain any relief to which he's entitled even if he "had not demanded such relief in [his] pleadings." *See Holt Civic Club v. Tuscaloosa*, 439 U.S. 60, 65-66, 99 S.Ct. 383, 58 L.Ed.2d 292 (1978); *Old Republic Ins. Co. v. Employers Reinsurance Corp.*, 144 F.3d 1077, 1081 (7th Cir.1998); *Felce v. Feidler*, 974 F.2d 1484, 1501-02 (7th Cir.1992); *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 394 (1st Cir.1999); *Pension Benefit Guaranty Corp. v. East Dayton Tool & Die Co.*, 14 F.3d 1122, 1127 (6th Cir.1994). It would be appropriate and indeed quite sensible for a judge

judgment in this proceeding, she is entitled to whatever relief is appropriate as a matter of law under Rule 54(c). This includes damages that may not have been pled. Nevertheless, if Ms. Black's claim for relief failed to give the Columbus Public Schools adequate notice of the relief sought, the Columbus Public Schools could have moved for a more definite statement under Rule 12(e), but it did not.

Accordingly, the Court will DENY the Columbus Public Schools' motion in limine as to this issue.

### b. Medical Bills

In the alternative to arguing that Ms. Black has failed to plead medical bills and expenses as damages, the Columbus Public Schools also claims that, even if damages were properly pled, Ms. Black still has failed to provide "copies of all of her medical bills related to her alleged treatment and/or damages in this case." (Defendant's Mot. in Limine at 8 (Aug. 21, 2006)). Specifically, the Columbus Public Schools contend Ms. Black provided only a six-page document that indicated that her total medical bills were $462.24. The Columbus Public Schools, therefore, request that the Court limit "any claim for medical bills to only the bills that were previously presented" and not allow Ms. Black to present any other medical bills at trial.

In response, Ms. Black argues that she has released and provided all relevant copies of her medical bills. She stated:

---

confronting a complaint that does not demand proper relief to ascertain whether the plaintiff wants the improper relief sought in the complaint or nothing; if so, the complaint must be dismissed. But there is no indication that Bontkowski has his heart set on declaratory and injunctive relief. That would make no sense. Obviously he wants his Dali prints back or, if they've been sold, the proceeds.

Id. at 762.

> Contrary to Defendant's claim, Plaintiff has produced copies of each and every medical bill in her possession.  Plaintiff, moreover, has provided Defendant with dozens of releases to facilitate Defendant's access to her medical records.  If Defendant truly believed that the Plaintiff was improperly withholding discovery, Defendant should have brought this to the Court's attention by moving for production.  It did not.  Suffice it to say that Plaintiff has fully complied with the Federal Rules and this Court's discovery orders.  Plaintiff will not in the course of providing past and future medical bills introduce any exhibit that was not previously and properly disclosed to Defendant.

(Plaintiff's Response to Defendant's Mot. in Limine at 7 n. 7 (Aug. 24, 2006)).

Because Ms. Black stated that she has provided all requested discovery relating to her medical bills, and there appears to be no justifiable basis for preclusion of that  properly disclosed discovery evidence, the Court will DENY the Columbus Public Schools' motion in limine on this issue.  However, as Ms. Black noted, evidence at trial, including Ms. Black's medical bills, may not be used unless previously provided to the opposing party through the course of discovery.  If specific documentary evidence is introduced at trial that the Columbus Public Schools has never received, it may object, and the Court will rule on those objections accordingly.

### c.  Speculative Damages

Additionally, in the alternative to the Columbus Public Schools' argument that Ms. Black has failed to plead proper damages, it contends that Ms. Black's requests for reimbursement for sick leave and claims for future lost wages/backpay are speculative.[5]  Namely, the Columbus Public Schools argue that "[i]t would be pure speculation for any jury to award Plaintiff the 'cash out' value for sick leave she used from February, 1995 to June, 1996 as it consists of pure speculation that Plaintiff, is she had not quit, would not have used the sick leave hours for some other reason,

---

[5] It appears that the Columbus Public Schools have limited its speculation argument to future lost wages and sick leave.

17

unrelated to this case, up until her age of retirement."  (Defendant's Mot. in Limine at 9 (Aug. 21, 2006)).  Moreover, the Columbus Public Schools claim that it is speculative to base any award for future lost wages on the fact that Ms. Black would have worked as a school administrator from age 64 (the time she retired allegedly due to the claims outlined in this lawsuit) until the age of her death.

Conversely, on the issue of reimbursement for sick leave, Ms. Black argues that but for the alleged retaliation, she would not have used her accumulated sick leave.  Thus, Ms. Black claims that she is entitled to the cash value for the leave that she accumulated.  Similarly, regarding future lost wages, Ms. Black claims that because of the alleged retaliation, she had to retire from the Columbus Public School system.  In retirement, she earns 72.5% of the salary she would have earned if she was a full-time administrator.  Ms. Black suggests that, in order to be made whole for the entire salary that she would have earned if there was no alleged retaliation, she is entitled to the remaining portion of her salary, or 27.5% of her full-time administrator salary.  Moreover, because the life expectancy for a 65-year old African-American women in 2003 is 18.5 years, Ms. Black argues that she is entitled to that 27.5% difference for that period of time.

Courts have generally treated remedies under Title VII and § 1983 as the same.  Grace v. City of Detroit, No. 05-1333, 216 Fed.Appx. 485, 492 (6th Cir.2007)(unpublished)(citing Squires v. Bonser, 54 F.3d 168, 172 (3rd Cir.1995)).  In Title VII cases, "[b]ackpay awards should completely redress the economic injury the claimant has suffered as a result of discrimination.  A claimant, therefore, should receive the salary, including any raises, which he could have received but for the discrimination." Rasimas v. Michigan Dept. of Health, 714 F.2d 614, 626 (6th Cir.1983).  Awards for sick leave, vacation pay and benefits should also be included.  Id.  "'Backpay should be awarded even where the precise amount of the award cannot be determined,' with any

18

ambiguities being resolved against the discriminating employer." Wooldridge v. Marlene Ind. Corp., 875 F.2d 540, 549 (6th Cir.1989)(citing id. at 628). The Court of Appeals has held that backpay equal to the maximum amount which could have been recovered may be appropriate if it is impossible to reconstruct the employment history of each claimant. See, e.g., Equal Employment Opportunity Commission v. Detroit Edison Co., 515 F.2d 301, 315 (6th Cir.1975)("It will obviously be impossible to reconstruct the employment history of each black employee and of each rejected black applicant as it would have been if that person had not been subjected to discrimination. There are too many imponderables for an exact equalization, but the object of a back-pay award is to effect restitution"), vacated on other grounds Utility Workers Union v. Equal Employment Opportunity Commission, 431 U.S. 951 (1977).

In the instant case, it may be impossible to determine exactly how long Ms. Black intended to work at the Columbus Public Schools if she was not subjected to the alleged retaliation. However, the Court concludes that both parties can present evidence regarding the issue. For example, evidence may be produced that, prior to the alleged retaliation, Ms. Black regularly used her sick leave due to a previous chronic illness unrelated to her infirmaries allegedly associated with this case. Also, evidence could be produced that Ms. Black intended to work only one more year following the year that she actually retired. Evidence such as this, as well as any other evidence that may be produced, may provide the trier-of-fact sufficient information to calculate the appropriate amount of backpay Ms. Black should receive if there is a verdict in her favor. It is in better discretion, therefore, to deny the motion in limine on this issue because there is no evidence before the Court that is clearly inadmissible. Instead, the Court can rule on evidence as it relates to damages on a case-by-case basis. Further, the Court can entertain post-trial motions regarding

19

damages if the parties deem that necessary.

Based on the foregoing, the Columbus Public Schools' motion in limine will be DENIED as it relates to damages.

### III.  Plaintiff's Motion in Limine to Take Judicial Notice of Fact

Ms. Black requests that the Court take judicial notice of the fact that an African-American female has 18.5 years of additional expected life at the age of 65.  The Columbus Public Schools has not opposed this motion.

#### A.  Standard

Federal Rule of Evidence 201 governs the ability of the Court to take judicial notice of adjudicative facts. Fed. R. Evid. 201(a); Toth v. Grand Trunk R.R., 306 F.3d 335, 349 (6th Cir.2002).  Adjudicative facts are facts that "relate to the parties, their activities, their properties, their businesses." Qualley v. Clo-Tex, Int'l, Inc., 212 F.3d 1123, 1128 (8th Cir.2000) (quoting Fed. R. Evid. 201(a) advisory committee's notes).  These facts are normally found by the jury.  Id.

Not all kinds of facts may be judicially noticed.  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Court is required to take judicial notice "if requested by a party and supplied with the necessary information."  Fed. R. Evid. 201(d).  Upon taking judicial notice of a fact in a civil action, the Court is required to instruct the jury to accept the fact as conclusively established.  Fed. R. Evid. 201(g).

#### B.  Application

In support of her motion, Ms. Black supplied the Court with a table produced by the United

States Department of Health and Human Services. (Doc. # 163, exhibit 1). The table indicates that in 2003, the life expectancy of a 65-year-old African-American female is 18.5 years. (Id.). The 2003 data is the most recent displayed in the table, which was published in 2005. (Id.).

The Court concludes that this is an adjudicative fact because it pertains to Ms. Black's life expectancy. See, e.g., Ageloff v. Delta Airlines, Inc., 860 F.2d 379 (11th Cir.1988)(using evidence of life expectancy tables to determine damages). Further, the Department of Health and Human Services is the principal agency of the United States for protecting the health and safety of Americans, see Centers for Disease Control and Prevention, Department of Health and Human Services, About CDC: Home Page, http://www.cdc.gov/about/default.htm (last visited Sept. 8, 2006), and the accuracy of the Department's data concerning life expectancy is not reasonably questioned. The Court therefore concludes that it is required to take judicial notice of this fact. Thus, Ms. Black's motion is GRANTED. At trial, the jury will be instructed to accept, as conclusively established, the fact that an African-American female has 18.5 years of additional expected life at the age of 65.

## IV. Conclusion

**WHEREUPON**, Defendant's motion in limine (Doc. # 164) is **GRANTED IN PART**. Plaintiff's motion in limine to take judicial notice of fact (Doc. # 163) is **GRANTED**. The Court will instruct the jury to accept as conclusive the fact that an African-American female has 18.5 years of additional expected life at the age of 65.

**IT IS SO ORDERED.**

Date: September 17, 2007        **/s/ John D. Holschuh**
                                        John D. Holschuh, Judge
                                        United States District Court