# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARIE L. BLACK, et al.,**

        Plaintiffs,          Case No. 2:96-cv-326
                                      **JUDGE GREGORY L. FROST**
        v.                       **Magistrate Judge Terence P. Kemp**

**COLUMBUS PUBLIC SCHOOLS,**

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's motion to dismiss (ECF No. 302),[1] Plaintiff's memorandum in opposition (ECF No. 304) and supplemental memorandum in opposition (ECF No. 305), and Defendant's reply memorandum (ECF No. 307).  For the reasons that follow, this Court finds the motion well taken.

It is well settled that a Court possesses the authority to dismiss a case against a Plaintiff's wishes upon proper grounds.  Federal Rule of Civil Procedure 41(b), for example, provides a mechanism for defendants to move for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Some considerations attach to this rule; the Sixth Circuit has explained that "[w]hen contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the

---

[1] The second motion to dismiss provides that it "incorporate[s] herein by reference" the first motion to dismiss.  (ECF No. 302, at 1 (incorporating ECF No. 290).)  Plaintiff has not asserted that such argument-by-incorporation offends the requirement that "[a]ll Motions . . . shall be accompanied by a memorandum in support thereof which shall be a brief statement of the grounds, with citation of authorities relied upon."  S D. Ohio Civ. R. 7.2(a)(1).

adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998).

Rule 41(b) does not provide the sole authority under which a court can dismiss a case over a plaintiff's objection. Rather, the Federal Rules of Civil Procedure merely codify some but not all of this authority. As the Advisory Notes to the 1983 amendment of Federal Rule of Civil Procedure 16(f) explain, amendments providing for the authority to dismiss under that rule were intended "to obviate dependence upon Rule 41(b) *or the court's inherent power to regulate litigation*." (Emphasis added.) Thus, the Federal Rules of Civil Procedure implicitly recognize a court's inherent power to dismiss a cause when appropriate. The United States Supreme Court has explained that the Civil Rules do not infringe upon a court's inherent authority:

> Neither the permissive language of [Fed. R. Civ. P. 41(b)] . . . nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link v. Wabash*, 370 U.S. 626, 630-31 (1962).

Cognizant of the foregoing considerations and applicable law, the Court makes the following findings and reaches the following conclusions:

(1) The Court has the inherent power to dismiss a case *sua sponte* under appropriate circumstances. Rule 41(b) also specifies that a Court may dismiss a case for failure to prosecute

or for a failure to comply with a court order.

(2) Again disregarding the history of Plaintiff's actions in this litigation prior to transfer of the case to the docket of the undersigned and again taking into account that Defendant's January 2011 service of discovery requests came before this Court's establishing a discovery schedule, the Court recognizes that Plaintiff failed to respond to discovery by the March 15, 2011 deadline that this Court set in its March 2, 2011 Order.  (ECF No. 280, at 3.)  As this Court previously noted, Plaintiff's conduct in this regard was "improper, unwarranted, and demonstrative of a willful intent to ignore this Court's Orders and her discovery obligations." (ECF No. 297, at 2.)

(3) Instead of dismissing Plaintiff's action or imposing any substantive sanction at all for her defiance of this Court's Order and her refusal to comply with her discovery obligations, the Court previously denied without prejudice Defendant's prior motion to dismiss.  The Court stated in its April 25, 2011 Order that "[r]ather than impose the sanction of dismissing her case . . . the Court will give Plaintiff one final chance."  (ECF No. 297, at 2.)  This Court therefore ordered "that Plaintiff shall respond to Defendant's discovery requests by May 2, 2011."  (ECF No. 297, at 3.)  The Court also again provided Plaintiff notice of the risk she would take by continued noncompliance with this Court's orders and her discovery obligations, warning that "if Plaintiff fails to meet this deadline, . . . the Court will almost certainly decline to impose any lesser sanction such as today's mere admonishment and will instead dismiss this case with prejudice."  (ECF No. 297, at 3.)

(4) Plaintiff turned over discovery to Defendant's counsel on May 2, 2011.  Counsel for Defendant argues in the motion to dismiss that because Plaintiff hand delivered the discovery

3

materials to his office after the close of business, she violated the discovery deadline. Pressing this even further, counsel asserts in the briefing that, "[t]echnically, Plaintiff was required to respond 'by' May 2, 2011, said deadline arriving at 12:00 a.m. on May 2, 2011." (ECF No. 307, at 2 n.1.) Counsel's argument that Plaintiff's case should be dismissed because she turned over discovery on and not before May 2, 2011, is perhaps best described as simply *silly*.

(5) Less embarrassing for counsel and Defendant is the contention that Plaintiff's discovery responses were so inadequate that she has again failed to comply with the Court's Order and her discovery obligations. Defendant's briefing presents a laundry list of the deficiencies that plague Plaintiff's interrogatory and document request responses. The Court need not detail at length the list of problems here, but instead incorporates the identification of deficiencies by reference. *See, e.g.*, ECF No. 307, at 4-9. The Court agrees with Defendant that Plaintiff's responses "contain frivolous objections, incomplete answers, incomplete documents, failed to provide appropriate witness names and addresses, failed to provide an appropriate medical records release for certain doctors at Plaintiff's whim, all causing further delay, and undue prejudice to Defendant in preparing its defense for trial." (ECF No. 307, at 8-9.)

(6) The deficient discovery responses do not sufficiently enable Defendant to pursue its defense. This is unacceptable, as the Sixth Circuit has recognized that "a defendant is prejudiced by a plaintiff's failure to cooperate in discovery when the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.' " *Fharmacy Records v. Nassar*, 379 F. App'x 522, 524 (6th Cir. 2010) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). It is not Defendant's responsibility to guess which of the dozens upon dozens of (mostly unnamed) potential witnesses Plaintiff in fact relies

upon, but that is but one impermissible effect of Plaintiff's largely unresponsive discovery responses. The Court has been mindful of Plaintiff's *pro se* status and has continually afforded her the benefit of the doubt. This Court is also aware that while Plaintiff has asserted that she seeks to go to trial and that she is not playing games with this litigation and this Court, she has been through seven attorneys and then sabotaged this Court's efforts to secure her representation by a law school clinic. Plaintiff may not understand all of the nuances of the law, but her status as *a pro se* party is an outgrowth of her own actions. Additionally, *pro se* status is not a license to ignore the law or those rules a party deems inconvenient or fails to understand fully. It would be unfair to deny Defendant the right to pursue its defense in a cost effective and just manner by continuing to afford special treatment to Plaintiff for her at best inadvertent and at worst intended noncompliance with the Court's orders and her litigation obligations.

    (7) Although Plaintiff asserts that she is acting in good faith, the Court again finds that her "repeated filing of redundant motions further evince a lack of good faith in dealing with this Court and opposing counsel." (ECF No. 297, at 2.) Review of the docket indicates that since the September 7, 2010 reassignment of this case, Plaintiff has filed eighteen motions. (ECF Nos. 264, 268, 270, 271, 274, 276, 279, 281, 282, 284, 286, 288, 292, 293, 296, 298, 300, 305.) The mere filing of multiple motions alone of course does evince bad faith. But the repeated filing of motions focusing on arguments that this Court already rejected points to a likely intent to harass or to cause delay, evincing bad faith or conduct tantamount to bad faith. Many of the identified motions were wholly redundant and demanded inappropriate special treatment, and many sought repeated delays without sufficient cause. Plaintiff has also repeatedly accused Defendant or its counsel of theft of her litigation materials without any apparent basis for doing so, in addition to

5

casting unfounded aspersions on the integrity of the judicial officers that have been involved in this litigation.  The docket displays an undeniable pattern of delay and contumacious conduct.

(8)  The Court previously warned Plaintiff that lack of diligence in pursuing this action would result in dismissal.  Plaintiff has been on notice.

(9)  This Court has already considered less severe sanctions and in fact employed a sanction less severe than dismissal in an effort to manage this case while affording Plaintiff the benefit of the doubt.  By putting off the discovery sanctions sought and providing Plaintiff with an additional chance at preserving her case, the Court sought to avoid a warranted dismissal.

(10)  This is not a case in which due process dictates that the Court should not dismiss this cause.  *See Link*, 370 U.S. at 633 ("[W]hen circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting.")  Here, Plaintiff's own conduct frustrates the efforts of Defendant to prepare for trial and frustrates the efforts of this Court to bring this litigation to a merits resolution.  The on-notice Plaintiff cannot evade a merits resolution to her action by being unwilling or due to her inexperience with the law unable to comply sufficiently with the Court's orders and her litigation responsibilities.

(11)  The Court concludes that in light of the foregoing circumstances and pursuant to Rule 41(b) and the inherent authority of this Court, dismissal is warranted.  Plaintiff has failed to prosecute this action sufficiently.

The Court therefore **GRANTS** the motion to dismiss.  (ECF No. 302.)  The Clerk shall enter judgment accordingly and terminate this action on the docket records of the United States

District Court for the Southern District of Ohio, Eastern Division.[2]

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

---

[2] In accordance with his representation to this Court, Defendant's counsel shall return to Plaintiff and shall not retain copies of those documents containing specified personal information as described in Defendant's reply memorandum. (ECF No. 307, at 11.)